IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| SHAMIM AKHTAR, | * | |
| Appellant, | * | |
| v. | * | Case No.: PWG-18-1418 |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION et al., | * | |
| Appellees. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Shamim Akhtar voluntarily dismissed her Chapter 13 bankruptcy case. She has now brought this appeal, seeking to challenge both the voluntary dismissal and a separate order allowing the Federal National Mortgage Association ("Fannie Mae") to pursue its rights in state court to take possession of her residential property in Hagerstown, Maryland. Though she has not yet filed an appellate brief, the bankruptcy trustee has argued that any appeal of the debtor's own voluntary dismissal must be frivolous and ought to be halted.

I have thoroughly reviewed the bankruptcy court records and Ms. Akhtar's filings in this appeal, and, having done so, I see no basis on which this appeal could proceed. This Court cannot reach the merits of either of the issues Ms. Akhtar has raised, as one of those issues is moot and the other falls outside of the Court's jurisdictional authority. For these reasons, the trustee's motion to dismiss will be granted.

1

**FACTUAL BACKGROUND**

Ms. Akhtar filed for Chapter 13 bankruptcy protection in the U.S. Bankruptcy Court for the District of Maryland on March 8, 2018. Pet., *In re Akhtar*, No. 18-13022-TJC (Bankr. D. Md. Mar. 8, 2018), ECF No. 1. Her voluntary petition stated she had no more than $50,000 in assets. *See id.* at 6.

A notice advised creditors that the filing of Ms. Akhtar's voluntary petition triggered an automatic stay against most collection activities, a form of statutory protection that generally prevents creditors from collecting debts or foreclosing on property. Notice of Appointment 1, *In re Akhtar*, No. 18-13022-TJC (Bankr. D. Md. Mar. 8, 2018), ECF No. 4; *see* 11 U.S.C. § 362(a). Counsel for Fannie Mae soon entered a notice of appearance in the case, *see* ECF No. 10-1, and filed a motion for relief from the automatic stay, *see* Fannie Mae Mot., ECF No. 10-2. The motion indicated that Fannie Mae wished to pursue its remedies under state law to take possession of the real property at 17711 Perlite Way, Hagerstown, Maryland, *see* Fannie Mae Mot. 2, a property Ms. Akhtar had listed as her home address on her voluntary petition, *see* Pet. 2, *In re Akhtar*, No. 18-13022-TJC. Along with the motion, Fannie Mae enclosed state court records showing it had purchased the property at a foreclosure sale on October 9, 2013, and that a judge had ratified the sale. *See* Record of Sale, *In re Akhtar*, No. 18-13022-TJC (Bankr. D. Md. Mar. 19, 2018), ECF No. 10, Ex. A; Order of Ratification, *In re Akhtar*, No. 18-13022-TJC, ECF No. 10, Ex. B.

Ms. Aktar missed a number of filing deadlines in the bankruptcy case and failed to appear at the scheduled meeting of creditors. *See* Show Cause Order, *In re Akhtar*, No. 18-13022-TJC (Bankr. D. Md. Apr. 16, 2018), ECF No. 26. She did, however, oppose Fannie Mae's motion for relief from the automatic stay, arguing that she remained the record owner of the Hagerstown property because Fannie Mae had failed to notify her of the foreclosure sale and deed transfer. *See*

2

Opp'n to Mot. for Relief, 1, ECF No. 10-5. She enclosed a copy of a deed, dated July 16, 2013, purporting to convey the property, for no consideration, from her husband, Mohammed A. Farooq, to himself and Ms. Akhtar as tenants by the entirety. *See id.* at 5-6. Ms. Akhtar also argued, in effect, that Fannie Mae lacked standing to seek relief from the automatic stay because it was not a creditor. *See id.* at 2.

The bankruptcy court held a hearing on Fannie Mae's motion on June 13, 2018. *See* Hr'g Tr., ECF No. 11. The bankruptcy trustee, Nancy Spencer Grigsby,[1] and Ms. Akhtar had each that morning filed a motion to dismiss the case, *see* Bankruptcy Docket 3, ECF No. 10-17, but the judge opted to hear arguments on Fannie Mae's motion in any event,[2] *see* Hr'g Tr. 3. After hearing from both sides, the judge granted Fannie Mae's motion for relief, explaining:

> Clearly, this is not a matter for this Court. There is no dispute that a foreclosure sale was conducted on October 9th, 2013. There is also no dispute that an order ratifying the sale was docketed April 3rd, 2015. That being the case, that sale is final . . . . [I]t cannot be challenged in this Court. It has to be challenged in [state] court.

Hr'g Tr. 7.

The bankruptcy case concluded on May 4, 2018, with the court issuing two orders on that day. The first order stated the automatic stay was "lifted on the [Hagerstown] real property so as to allow [Fannie Mae] to take whatever future action may be necessary to obtain possession" of the property. Order Lifting Stay, ECF No. 10-15.

---

[1] Ms. Grigsby's motion urged the bankruptcy court to dismiss the case pursuant to 11 U.S.C. § 521(a)(1)(B)(iv) on the grounds that Ms. Akhtar had failed to provide her most recent tax return and papers documenting her income; had unreasonably delayed the proceedings; had failed to make Chapter 13 plan payments; and had not appeared at the meeting of creditors. Tr. Mot. to Dismiss 1, *In re Akhtar*, No. 18-13022-TJC (Bankr. D. Md. Apr. 30, 2018), ECF No. 37.

[2] The judge explained that he would prefer to address Ms. Akhtar's motion "in due course" because it had not yet been entered onto the docket when he left chambers that morning to head out to the courtroom. Hr'g Tr. 3.

3

The second order granted Ms. Akhtar's motion for a voluntary dismissal. *See* Dismissal Order 1, ECF No. 10-16. That order was accompanied by a notice of dismissal advising all creditors and interested parties that the automatic stay imposed by 11 U.S.C. § 362(a) was terminated in full. *See id.* at 2.

Of note for purposes of this appeal, the bankruptcy court's order contained no explicit references to 11 U.S.C. 109(g), a statutory provision that restricts a debtor's right to seek bankruptcy relief for a period of time after her case has been voluntarily dismissed. However, at the bottom of the court's order, a notation from the deputy clerk of the bankruptcy court stated: "Section 109(g)(2) is applicable, and the above-named Debtor(s) may not file another bankruptcy petition for 180 days after the date this order is entered."[3] *Id.* at 1.

Ms. Akhtar filed a notice of appeal on May 15, 2018. Notice of App., ECF No. 1. The notice indicated she wished to appeal the bankruptcy court's orders lifting the automatic stay and dismissing the case. *See id.* at 2. As noted in the "statement of issues" accompanying the record on appeal, Ms. Akhtar seeks to challenge the bankruptcy proceedings on two grounds. Appellant Designation 2, ECF No. 10. First, she contends that Fannie Mae was not entitled to relief from the automatic stay because it was a mere third party, as opposed to a creditor. *See id.* Second, she

---

[3] Section 109(g)(2) provides in relevant part:

> [N]o individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
> . . .
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2). Congress enacted this section "for the purpose of curbing what it perceived to be abusive and repetitive bankruptcy filings by debtors." *In re Beal*, 347 B.R. 87, 90 (E.D. Wis. 2006).

4

asserts it was improper for the bankruptcy court to grant the voluntary dismissal "with the condition of section 109(g)(2)." *Id.*

Ordinarily, under the Federal Rules of Bankruptcy Procedure, Ms. Akhtar would have been required to serve and file her appellate brief[4] "within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). That obligation was put on pause, though, because Ms. Grigsby, the bankruptcy trustee and an appellee in this case, filed a letter with this Court asking for authorization to file a motion to dismiss the appeal as "frivolous." ECF No. 7. Her ensuing motion argues there is "no possible factual or legal scenario under which [Ms. Akhtar] could successfully overturn the granting of her own Motion to Dismiss or the granting of a Motion for Relief where the real property was sold at a foreclosure sale years before the Bankruptcy case was even filed." Mot. to Dismiss Appeal 1-2, ECF No. 13.

Ms. Akhtar's *pro se* amended response in opposition to the motion is not easy to decipher. *See* Amended Resp. in Opp'n, ECF No. 16. As best as I can tell, though, it appears to argue that Fannie Mae, rather than Ms. Grigsby, would have been the proper party to move to dismiss the appeal. *See id.* at 2. It proceeds to repeat the substantive arguments Ms. Akhtar raised in the bankruptcy court in response to Fannie Mae's motion to lift the automatic stay, asserting that Ms. Akhtar remains the record owner of the Hagerstown property. *See id.* at 5-6.

The motion to dismiss has been fully briefed. See ECF Nos. 13, 16, 17. No hearing is necessary. *See* Loc. R. 105.6.

---

[4] Here I refer to the appellate brief a party appealing a bankruptcy ruling must serve and file pursuant to Rule 8018(a) of the Federal Rules of Bankruptcy Procedure. I am not referring to the memorandum of law Ms. Akhtar filed in opposition to the appellee's motion to dismiss the appeal. *See* ECF No. 16.

5

## STANDARD OF REVIEW

A district court "sits as an appellate tribunal in bankruptcy." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017). As such, it reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *See id.* A finding of fact "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Rood*, No. DKC 12-1623, 2013 WL 55650, at *2 (D. Md. Jan. 2, 2013) (quoting *In re Fitzwater*, No. 11-934, 2012 WL 4339559, at *2 (S.D.W.V. Sept. 21, 2012)). "With respect to the bankruptcy court's application of law to the facts, the district court reviews for abuse of discretion." *Id.*

## DISCUSSION

The procedural posture in which this case finds itself at this stage of the appeal is, admittedly, a touch out of the ordinary. Here we have an appellee, Ms. Grigsby, who seeks to dismiss a bankruptcy debtor's appeal as frivolous before the debtor has even filed her appellate brief. In virtually any other context, this motion would almost certainly have to be considered premature, and I would likely dismiss the motion without prejudice to give the appellant the opportunity to brief her arguments.

This, however, is a bankruptcy appeal. Here, even though the appellant's brief has yet to be filed, it cannot be said that the questions she seeks to raise on appeal remain shrouded in mystery, because the Federal Rules of Bankruptcy Procedure require the appellant to present a "statement of the issues." *See* Fed. R. Bankr. 8009(a)(1)(A). This requirement, which "helps provide the appellee with the scope of the appeal so that [it] can adequately address and argue the appeal," *In re Dunlap*, No. 16-37-RJC, 2017 WL 374915, at *2 (W.D.N.C. Jan. 25, 2017), is important, because arguments that cannot be inferred from the statement of the issues are generally

6

considered waived on appeal, *see id.*; 10 Collier on Bankruptcy § 8009.03 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("It is generally settled that a party's failure to include an issue [in the statement of issues] results in the appellate tribunal's refusal to consider the issue.").

Ms. Akhtar's statement of the issues presents two issues for appeal. The first is whether Fannie Mae had legal standing to move for relief from the automatic stay. *See* Appellant Designation 2. The second concerns the propriety of the "condition" – purportedly included in district court's dismissal order – stating that Ms. Akhtar was temporarily barred from filing a new bankruptcy petition. *See id.*

Here, because it is readily apparent to me that there is no need to reach the merits of either of these issues, I am prepared to rule on Ms. Grigsby's motion.[5] I will explain my reasoning with regard to each of the two issues in turn.

A.

As presented in the statement of issues, the first question in this appeal is whether Fannie Mae had legal standing to ask the bankruptcy court to lift the automatic stay, to the extent the stay might have affected the company's rights in the Hagerstown property. *See* Appellant Designation 2. To be clear, Ms. Akhtar has yet to brief her argument on this issue. It is apparent to me, though,

---

[5] Ms. Grigsby has framed her motion to dismiss as a motion for relief pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8013(a)(1) ("A request for an order or other relief is made by filing a motion with the district or BAP clerk . . . ."). Although she asserts the appeal is frivolous, it is unclear whether she intends to file a separate motion seeking damages and costs under Rule 8020. *See* Fed. R. Bankr. P. 8020(a) ("If the district court . . . determines than an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."); *In re Prop. Movers, LLC*, 31 F. App'x 81, 84 (4th Cir. 2002) (per curiam). The Fourth Circuit has stated: "A finding of frivolity is appropriate where an appellant cites no relevant cases in response to a lower court's accurate exposition of the law, and where an appellant's arguments are irrelevant to the issues in dispute." *Id.* Here, Ms. Grigsby has moved to dismiss the appeal before Ms. Akhtar has even filed a brief. Under the circumstances, I decline to issue a finding of frivolity at this time.

that any argument on this issue cannot possibly be of consequence, because Ms. Akhtar's motion to voluntarily dismiss the bankruptcy case rendered the issue moot.

The dismissal of a bankruptcy case terminates the automatic stay of actions a creditor might otherwise take against the debtor. *See* 11 U.S.C. § 362(c)(2)(B). Here, Ms. Akhtar moved to voluntarily dismiss the case, and the bankruptcy court granted her motion. *See* Dismissal Order 1. This order terminated the automatic stay for any and all purposes (and, indeed, expressly advised all creditors and interested parties of this fact). *See id.* at 2. As a practical matter, then, the court's decision to issue an order that very same day granting Fannie Mae's motion for relief from the automatic stay was of no legal consequence. With or without it, the result was the same: the automatic stay was no longer in effect, and Fannie Mae was free to pursue its rights in state court. *See In re Barbieri*, 199 F.3d 616, 621 (2d Cir. 1999) ("[B]y voluntarily dismissing a Chapter 13 petition, the debtor 'indicates that he is prepared to limit his rights and remedies to those available in state court. Creditors will be free to pursue any cause of action they might have had under the Bankruptcy Court in state forums immediately upon dismissal for the reason that the automatic stay no longer remains in effect." (quoting *In re Hearn*, 18 B.R. 605, 606 (Bankr. D. Neb. 1982))).

The propriety of the court's order granting Fannie Mae's motion for relief from the automatic stay might not be moot if, as it happened, Ms. Akhtar had some basis for challenging the order dismissing the case. Here, though, it was her own motion that precipitated the dismissal. *See* Bankruptcy Docket 3. And even then, her statement of the issues in this appeal makes plain that she is not seeking to challenge the dismissal order – only the "condition" the court supposedly attached to it. *See* Appellant Designation 2. That being the case, any conceivable challenge to the order granting Fannie Mae's motion for relief is necessarily moot. *See Montelione v. Fed. Nat'l Mortg. Ass'n*, 183 F. App'x 200, 201-02 (3d Cir. 2006) (per curiam) (holding that a debtor's

voluntary dismissal of her bankruptcy petition "rendered moot" her appeal of the bankruptcy court's order granting Fannie Mae's motion for relief from an automatic stay); *Gardens of Cortez v. John Hancock Mut. Life Ins. Co.*, 585 F.2d 975, 978 (10th Cir. 1978) (per curiam) (holding that a creditor's request to lift a stay order "became moot when the bankruptcy judge dismissed" the debtor's petition).

B.

The second issue listed in Ms. Akhtar's statement of the issues concerns the bankruptcy court's dismissal order. Ms. Akhtar frames the issue this way: "Motion to Dismiss was granted with the condition of section 109(g)(2). The debtor disagrees with the condition." Appellant Designation 2. As before, Ms. Akhtar has not briefed this issue. It would make no difference if she did, though, because it is evident that I do not have jurisdiction to consider the issue.

A district court's appellate jurisdiction over bankruptcy orders arises under 28 U.S.C. § 158(a). *See McDow v. Dudley*, 662 F.3d 284, 286 (4th Cir. 2011). In relevant part, this statute provides that district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a).

Ms. Akhtar's statement of the issues signals that she intends to challenge the "condition" in the court's dismissal order. Appellant Designation 2. But, in fact, the order does not contain any conditions and does not itself refer to 11 U.S.C. § 109(g)(2). *See* Dismissal Order 1. The reference to § 109(g)(2) appears at the bottom of the page, below the words "End of Order," in a note authored by the deputy clerk of the Court. *Id.* It is not within this Court's power to review a bankruptcy court clerk's notations. *See* 28 U.S.C. § 158(a) (authorizing district court review of "final judgments, orders, and decrees . . . of *bankruptcy judges*" (emphasis added)). If Ms. Akhtar

9

wishes to challenge the Clerk's Office's determination that § 109(g)(2) temporarily bars her from filing new bankruptcy petitions, she can seek redress in the bankruptcy court.

## CONCLUSION

Ms. Akhtar has not presented any issues in this appeal that this Court is positioned to remedy. Accordingly, the trustee's motion to dismiss is granted, and this case will be closed. A separate order follows.

Date:   January 18, 2019

_____
Paul W. Grimm
United States District Judge